UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-059 |
| | ) | |
| ARMSTRONG ATLANTIC STATE UNIVERSITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This Court granted plaintiff Willie G. Smith leave to file this discrimination-in-education case against Armstrong Atlantic State University without prepayment of the Court's filing fee. Doc. 10. In so doing, the Court warned that "[p]laintiff is charged with the responsibility of immediately informing this Court of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case. Local Rule 41.1." Doc. 10 at 4. He was also reminded that he "is responsible for pursuing this case." *Id.*

Smith has done neither. Over a month has elapsed and the only new entry on the docket is this: " Mail Returned as Undeliverable."

Doc. 11. It is conceivable that plaintiff is litigating his case, such as trying to serve the defendant. On the other hand, the defendant is a university, so it's not like it can evade service. Too, without a current mailing address, the Court cannot move this case forward or even communicate with plaintiff.

"[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." L.R. 41.1 (b), (c).

Finally, a district court retains the inherent power to police its docket and to prune from that cases that amount to no more than mere deadwood. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962);

*Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 2006 WL 3307444 *1 (11th Cir. 2006).

Accordingly, this case should be **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to re-file it and update this Court with his *current* address.

**SO REPORTED AND RECOMMENDED** this  30th  day of August, 2010.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA