UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-059 |
| | ) | |
| ARMSTRONG ATLANTIC, STATE UNIVERSITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Universities that accept federal funding must not discriminate on the basis of disability. *Cordeiro v. Driscoll*, 2007 WL 763907 at * 4 (D. Mass. Mar. 8, 2007). Alleging such discrimination due to, *inter alia*, his "mild aphasia," doc. 1 at 17, pro se plaintiff Willie G. Smith has brought this action against Armstrong Atlantic State University (AASU) under Section II of the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. § 12132,[1] and the Rehabilitation Act of 1973 (specifically, Section 504,

---

[1] Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

codified at 29 U.S.C. § 794).[2] He also seeks other federal[3] and state-law remedies. Doc. 1. AASU now moves, over his opposition, to dismiss. Docs. 21, 25.

I. BACKGROUND

For the purpose of its Fed. R. Civ. P. 12(b)(6) motion, AASU accepts Smith's allegations as true but insists his claims fail in any event. Doc. 27.[4] Boiled down, Smith alleges that he was a federal financial aid

---

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

[2] Under Section 504, "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794.

[3] These include Title VI of the Civil Rights Act of 1964, doc. 1 at 2. Under that statute, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Doc. 1 at 2.

[4] The Court thus likewise accepts the veracity of Smith's well-pleaded *factual* allegations, though not his legal conclusions. *Ashcroft v. Iqbal*, \_\_ U.S. \_\_\_, 129 S.Ct. 1937, 1949-50 (2009); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations" but must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a

2

student attending AASU as a full-time undergraduate from 2004-2007. Doc. 1 at 2. The AASU notified him that he had failed to pass at least 67% of his 2005-06 classes, so it declared him ineligible for his financial aid. Smith administratively appealed, and AASU reinstated his eligibility status but "forced" him to accept a "probationary contract" which he argues is inconsistent with federal regulations and the AASU's own published standards for financial aid. *Id.* at 6-7.

Smith also raises race-based allegations, *see, e.g., id.* at 9 ¶ 19, but admits that by the end of the Spring 2007 semester he failed to complete all of the coursework he attempted, so AASU cut off his financial aid. *Id.* at 10 ¶ 22. Smith is upset that even though he completed only 75% of his Spring 2007 semester coursework, AASU required him to complete 100% for the Fall 2007 semester in order to receive further financial aid. *Id.* at 11 ¶ 23. He thus wound up attending AASU that fall without financial aid, and without books and other required materials -- but again only

---

right to relief above the speculative level." *Id.* at 555. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, ___ F.3d___, 2010 WL 4880864 at * 1 (11th Cir. Dec. 2, 2010); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (noting that *Iqbal* allows courts to infer from the factual allegations in the complaint "obvious alternative explanations" which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer).

completed 75% of his coursework. *Id.* His bottom line: he believes he nevertheless met the federal standards for continuing to receive federal student aid, and AASU wrongfully denied it to him. *Id.* at 11-14. In his "First Cause of Action," he concludes, AASU violated Title VI and related regulation 34 C.F.R. § 668.42(a)(1) by failing to publish information on financial assistance that it was required to publish (and which AASU inserted into its "probationary contract" with him). *Id.* at 6 ¶ 13; *see also id.* at 9 ¶ 19 (same general factual allegations behind claim AASU discriminated against "based on race or color").

Smith essentially re-asserts the same claim for his "Second Cause of Action," this time alleging discrimination based on his sex. *Id.* at 14-15 ¶¶ 28-19. He alleges age discrimination, on the same assertions, for his "Third Cause of Action," *id.* at 15-16 ¶ 30-33, and on the basis of "handicap" ("mild aphasia") in his "Fourth Cause of Action." *Id.* at 16-17 ¶¶ 34-36. He based Count Four on "34 CFR, Part 104, section 104.4," while he reasserts the same Count, as his "Fifth Cause of Action," under Title II of the ADA. *Id.* at 17-18 ¶¶ 37-39. His "Sixth Cause of Action" ("Intentional Infliction of Emotional Harm") is a state law claim

based on AASU's intentional action in failing to provide him with "reasonable modifications (or academic adjustment) necessary for [him] to participate in and benefit from" AASU's aid programs. *Id.* at 18 ¶ 41.

## II. ANALYSIS

AASU insists that all of Smith's claims are time-barred. Doc. 21-1 at 6-9. "The statutes of limitations for claims under the ADA and the Rehabilitation Act are determined by the most analogous state law statute of limitations." *Hamilton v. Carson-Newman College*, 2010 WL 3806503 at * 3 (E.D. Tenn. Sep. 23, 2010) (quotes omitted); *Frame v. City of Arlington*, 616 F.3d 476, 489 (5th Cir. 2010) (both Title II of the ADA and Rehabilitation Act borrow from most analogous state limitations statute governing personal injury actions); *Abulkhair v. PPI/Time Zero, Inc.*, 2010 WL 4230752 at * 1 (3rd Cir. Oct. 27, 2010) ("For ADA claims, the statute of limitations is borrowed from the state's limitations period for personal injury actions."); *Everett v. Cobb County School Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998) ("we hold that Georgia's two-year statute of limitations for personal injury actions should be applied to discrimination

claims brought under Title II of the ADA and the Rehabilitation Act."); *Binns v. City of Marietta Housing Assistance Program*, 2010 WL 1138453 at * 6 (N.D. Ga. Mar. 22, 2010).[5]

Similarly "[t]he Eleventh Circuit has determined that claims brought under 42 U.S.C. § 2000d, or Title VI of the Civil Rights Act of 1964, are likewise measured by the personal injury limitations period of the forum state. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)." *Williams v. Monroe County Bd. of Educ.*, 2010 WL 1780362 at * 3 n. 3 (S.D. Ala. May 4, 2010). The same may be said for Title IX claims. *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1135-36 (9th Cir. 2006). And two years is also the limitations period for emotional distress claims. *Valades v. Uslu*, 301 Ga. App. 885, 888 (2009) (two years); *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 639 (1997) (same).

That means Smith had two years to bring any viable ADA, Title VI, Title IX, Rehabilitation Act, and emotional distress claims here. The last

---

[5] The Court agrees with AASU that there is no principled reason not to apply the same two-year limitations period to general (as opposed to "Title II-based") ADA claims. *See Connors v. Orlando Regional Healthcare System, Inc.*, 2009 WL 2524568 at * 2 (M.D. Fla. Jun. 12, 2009); *A.B. v. Clarke County School Dist.*, 2009 WL 902038 at * 15 (M.D. Ga. Mar. 30, 2009).

6

act of discrimination alleged by Smith occurred sometime in the Fall 2007 semester.[6] Assuming that last act occurred on September 8, 2007, he had until September 8, 2009 to file his Complaint here.[7] He filed it on March 3, 2010. Doc. 1. All of his "two-year claims" thus are time-barred. *See, e.g., Lyles v. University of Tex. Health Science Center, San Antonio*, 2010 WL 1171791 at * 1 (W.D. Tex. Mar 24, 2010) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

---

[6] For the purposes of this motion only, the Court will accept as true Smith's own factual recitation:

> The last alleged act of discrimination is AASU's denial of Plaintiffs request for the reasonable accommodation to remove Plaintiff from the 100% of the coursework attempted clause, or rather the discriminatory clause in the SAP probationary contract, which was denied in a letter dated September 5, 2007. Plaintiff received this letter on September 8, 2007, which is in accord with the federally extended three day rule for delivery from date on letter head. Plaintiff filed his timely lawsuit, with the Southern District Court of Georgia, on March 3, 2010, within two years of the last discriminatory act, which occurred on September 8, 2007.

Doc. 25 at 10. The flaw in plaintiff's analysis is revealed in his last sentence: 907 days separate his September 8, 2007 and March 3, 2010 dates. 907/365=2.48 years.

[7] This comports with normal federal accrual analysis: "The general federal rule is that actions do not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (quotation omitted)." *Delaine v. Rosco Mfg. Co.*, 2010 WL 4639257 at * 2 (M.D. Ga. Nov. 5, 2010).

And the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101-6107, requires plaintiff to plead that he has exhausted such a claim within a specific time frame, *Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 F. App'x. 314, 316-317 (5th Cir. 2008); *Simmons v. Middle Tenn. State University*, 1997 WL 400105 at * 4 (6th Cir. 1997); *McGhee v. Alabama State University*, 2009 WL 1684604 at * 1-2 (M.D. Ala. June 12, 2009), without which no jurisdiction before this Court is shown. Smith has made no such showing in his pleadings here.

Smith argues that the acts he alleges that AASU committed against him constitute a continuing violation, and thus his claims are not time-barred. Doc. 25 at 10-11. The basis for this assertion is that AASU's "discriminatory policy is an on-going standing policy and in force today." *Id.* at 11. This argument fails:

> In the case of a continuing violation, the statute of limitations will run from the moment the violation begins if the violation continues only because of the plaintiff's knowing failure to seek relief. *See Roberts v. Gadsden Mem'l Hosp.*, 850 F.2d 1549, 1550 (11th Cir. 1988) (finding a claim of a "continuing" injury was time-barred when the plaintiff knowingly failed to exercise his rights); *see also Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 946 (9th Cir. 2009) ("[T]he FHA's statute of limitations starts the clock on the date the violation occurs.... The occurrence of the discriminatory housing practice ... is the failure to design and construct, not the

plaintiff's discovery of the violation.") (quotation marks and citations omitted).

*Wood v. Briarwinds Condominium Ass'n Bd. of Directors*, 369 F. App'x 1, *4 (11th Cir. 2010). Here Smith does not allege that he continued to seek financial aid, and that AASU discriminatorily denied it, within two years of the date he filed this action. Rather, he ceased pursuing such benefit in the fall of 2007 -- more than two years prior to the date he filed this case. So although it may be said that the *effects* of the alleged discriminatory actions continue, AASU's alleged discriminatory *actions* have not. *Cf. Carter v. West Pub. Co.*, 225 F.3d 1258, 1264 (11th Cir. 2000) (continuing violation doctrine did not apply to save otherwise untimely Title VII claims alleging that publishing company denied female employees an equal opportunity to purchase company stock, despite plaintiffs' contention that company's payment of dividends pursuant to its allegedly discriminatory stock purchase policy resulted in on-going practice of providing male employees a wage premium over similarly-situated female employees; though distribution of dividends gave *present effect* to alleged past discrimination, payment of dividends

was mere continuing effect that operated in neutral manner).[8]

## III. CONCLUSION

In that all of plaintiff Willie G. Smith's claims here are time-barred, the defendant's motion to dismiss (doc. 21) should be **GRANTED** and his case should be **DISMISSED WITH PREJUDICE**. Meanwhile, the Court **DENIES** plaintiff's open-ended motion to continue his case. Doc. 28. He has filed an opposition brief and thus has had his say here. Evidently he feels that because he is now "homeless," this justifies withholding any ruling in this case until he finds a home. Meanwhile, he cites nothing that prevents him from filing whatever he wants in this case. (Indeed, his homelessness did not prevent him from filing the continuance motion itself.)

---

[8] An encyclopedist's legal summary of the doctrine in Title VII law is useful here:

> An isolated event, even one with continuing impact, alone does not constitute continuing violation of antidiscrimination law. Continuing or persisting effects of past discrimination are generally not actionable under Title VII once the statutory limitation period has passed following the underlying discriminatory acts. The act within the statutory period must be a discriminatory act itself, and not simply a consequence of an act that is outside the statutory period; consequences of past acts are insufficient to establish present acts of discrimination.

45B AM. JUR. 2D (*Job Discrimination*) § 1141 (Jul. 2010) (footnotes omitted).

**SO REPORTED AND RECOMMENDED** this  13th  day of December, 2010.

/s/ signature
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA